IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **WAYNE MOVING & STORAGE OF NEW JERSEY, INC.,**<br>Plaintiff,<br><br>v.<br><br>**THE SCHOOL DISTRICT OF PHILADELPHIA, et al.,**<br>Defendants | CIVIL ACTION<br><br>NO. 06-00676 |

FILED
JAN 1 4 2009
MICHAEL E. KUNZ, Clerk
By_____Dep. Clerk

## MEMORANDUM AND ORDER

**STENGEL, J.**                                             **January 14, 2009**

Wayne Moving & Storage of New Jersey, Inc., brought this action to recover for services provided to the School District of Philadelphia in connection with the relocation of certain School District offices. I granted Wayne Moving's Motion for Summary Judgment as to liability. At a non-jury trial, the parties presented evidence on the amount of damages to which Wayne Moving is entitled.

## FINDINGS OF FACT

1. The School District of Philadelphia and the School Reform Commission entered into a contract with Facility Strategies to manage the School District's move from five buildings to one building.

2. Under this contract, Facility Strategies became "the authorized representative" of the School District.

3. The School District representative designated by the contract was Frank Siefert.

4. Facility Strategies was represented by Sally Ferullo, a principal of the company. Ms. Ferullo and Mr. Siefert were in contact at least daily regarding the School District's move.

5. Facility Strategies entered into a subcontract with Wayne Moving to do the physical work of moving personal property and equipment.

6. Wayne Moving presented statements for services rendered to Facility Strategies; Facility Strategies billed the School District for Wayne Moving's work.

7. Facility Strategies billed the School District in the amount of $840,116.00 for Wayne Moving's work under its subcontract. This amount was approved by the School District. The School District paid Facility Strategies – which paid Wayne Moving – for all work done under the contract.

8. Wayne Moving billed Facility Strategies $830,071.00 for extra work above and beyond the contract amount.

9. Sally Ferullo, on behalf of Facility Strategies, carefully reviewed the invoices for the extra work according to the same system she used to analyze the invoices for the work within the contract amount.

10. Frank Siefert, on behalf of the School District, advised Sally Ferullo to authorize Wayne Moving to do the extra work. Ms. Ferullo kept Mr. Siefert apprised of the nature and extent of the extra work.

11. Mr. Siefert represented to Ms. Ferullo that Facility Strategies and Wayne Moving would be compensated for the extra work. The $830,071.00 in extra work was

attributed to the compressed schedule, inoperable or inadequate elevators, and an increased scope of the work to be performed.

12. The School District has presented no credible evidence that the invoices submitted for the extra work were anything but fair and reasonable.

13. The School District has not disputed that the extra work was necessary or that it was actually performed.

14. Sally Ferullo recommended to Frank Siefert that the $830,071.00 for extra work performed by Wayne Moving be paid.

15. The School District/School Reform Commission had a practice regarding extra work on the contract that resulted in the extra work being approved "in the field" and later processed and approved by the School Reform Commission. At all times material hereto, Mr. Siefert accepted Ms. Ferullo's analysis of all Wayne Moving's invoices for the work billed under the contract and for the extra work. Mr. Siefert relied on Ms. Ferullo to evaluate Wayne Moving's work and to monitor the cost and the submission of invoices. Ms. Ferullo's evaluation and analysis of Wayne Moving's invoices was credible and reliable.

16. The School District refused to pay the $830,071.00 invoice from Wayne Moving.

17. Because of the School District's refusal to pay for the extra authorized work performed by Wayne Moving, Wayne Moving was required to borrow funds to continue operating in 2006 and 2007.

18. Wayne Moving's need to borrow funds for operating expenses was the direct result of the School District's failure to pay the invoices for extra work done.

19. Wayne Moving paid interest at the rate of 7% on money it borrowed in 2006 and 2007.

20. The School District was under a deadline to move its offices and the increased work and effort required of Wayne Moving was necessary in part because of this deadline. Further, the work of moving the School District Offices was done by Wayne Moving under difficult circumstances.

## CONCLUSIONS OF LAW

1. In granting the Motion for Summary Judgment, this court found that Wayne Moving was entitled to recover for extra work performed on the basis of unjust enrichment. Specifically, the court found that it would be unjust enrichment for the School District of Philadelphia to refuse to pay to Wayne Moving the fair value of services which were actually rendered by Wayne Moving on behalf of the School District.

2. The invoices submitted by Wayne Moving for the work performed for the School District of Philadelphia were fair and reasonable and represented work actually performed by Wayne Moving.

3. Wayne Moving is entitled to be paid the entire amount of $830,071.00 for the extra work performed for the School District.

4. Wayne Moving is entitled to prejudgment interest at the rate of 7%.

5. The record reflects that all work was completed by Wayne Moving by November 3, 2005. For purposes of determining prejudgment interest, the court will find that all statements for work performed up to and including November 3, 2005 would have been billed to the School District (through Facility Strategies) on or before November 30, 2005. Pre-judgment interest will begin to run on January 1, 2006, which follows a thirty-day period within which the School District could and should have made payment to Wayne Moving. The amount of pre-judgment interest to be awarded to Wayne Moving is  $176,523.

6. Judgment shall be entered in favor of Wayne Moving in the total of  $1,006,594.

7. Wayne Moving is entitled to post-judgment interest at the legal rate of 6% beginning thirty (30) days from the date of this judgment.

**IT IS SO ORDERED.**

BY THE COURT:

_____
LAWRENCE F. STENGEL, J.

e-mailed
J. Golder
M Shae
S. Goldne